*Order Filed on 12/5/2008 by Clerk U.S. Bankruptcy Court District of New Jersey*

RIKER, DANZIG, SCHERER,
HYLAND & PERRETTI LLP
Co-Attorneys for the Debtors
Headquarters Plaza
One Speedwell Avenue
Morristown, New Jersey 07962
(973) 538-0800
Dennis J. O'Grady, Esq. (DJO 7430)
Mark E. Hall, Esq. (MH-9621)

DEWEY & LeBOEUF LLP
Co-Attorneys for the Debtors
1301 Avenue of the Americas
New York, New York 10019
(212) 259-8000
Martin J. Bienenstock, Esq. (MJB 3001)
Judy G. Z. Liu, Esq. (JL 6449)
Irena Goldstein, Esq. (IG 0736)
Timothy Q. Karcher, Esq. (TK 6173)

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| G-I HOLDINGS INC., et al. (f/k/a GAF Corporation) | Case Nos. 01-30135 and 01-38790 (RG) (Jointly Administered) |
| Debtors. | Hearing Date: December 4, 2008 |

**ORDER (i) APPROVING THE DISCLOSURE STATEMENT;
(ii) FIXING A RECORD DATE; (iii) SCHEDULING A PLAN CONFIRMATION
HEARING AND APPROVING ATTENDANT NOTICE AND
OBJECTION PROCEDURES; (iii) APPROVING SOLICITATION
PACKAGES AND PROCEDURES FOR DISTRIBUTION THEREOF; (iv) APPROVING
FORM OF BALLOTS; AND APPROVING
EPIQ BANKRUPTCY SOLUTIONS, LLC AS VOTING AGENT**

---

The relief set forth on pages, numbered 3 through 18, is hereby **ORDERED**

**DATED: 12/5/2008**

*/s/ Rosemary Gambardella*
Honorable Rosemary Gambardella
United States Bankruptcy Judge

In re G-I Holdings Inc., et al.
Case Nos. 01-30135 (RG) and 01-38790 (RG) (Jointly Administered)

**ORDER (i) APPROVING THE DISCLOSURE STATEMENT; (ii) FIXING A RECORD DATE; (iii) SCHEDULING A PLAN CONFIRMATION HEARING AND APPROVING ATTENDANT NOTICE AND OBJECTION PROCEDURES; (iii) APPROVING SOLICITATION PACKAGES AND PROCEDURES FOR DISTRIBUTION THEREOF; (iv) APPROVING FORM OF BALLOTS; AND APPROVING EPIQ BANKRUPTCY SOLUTIONS, LLC AS VOTING AGENT**

---

Upon the Motion, dated November 7, 2008 (the "Motion"), of the Chapter 11 debtors in possession herein, G-I Holdings Inc. ("G-I") and ACI Inc. ("ACI" and, together with G-I, the "Debtors"), pursuant to sections 105, 502, 1125, 1126, and 1128 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 3003, 3016, 3017, 3018, 3020, 9013, and 9021 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 3018-2, 9013-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of New Jersey (the "Local Rules"), for an order (i) approving the proposed Disclosure Statement (and as it may be further amended, the "Disclosure Statement") for the First Amended Joint Plan of G-I Holdings Inc. and ACI Inc. Under Chapter 11 of the United States Bankruptcy Code, dated October 30, 2008 (as it may be further amended or modified, the "Plan");[1] (ii) fixing a record date for voting and service purposes; (iii) scheduling a hearing to consider confirmation of the Plan (the "Confirmation Hearing" and approving the attendant notice and objection procedures for such hearing; (iv) approving the proposed contents of the Solicitation Packages and procedures for distribution thereof; (v) approving the form of ballot and establishment of procedures for voting on the Plan; and (vi) approving Epiq Bankruptcy

---

[1] All capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

2

In re G-I Holdings Inc., et al.
Case Nos. 01-30135 (RG) and 01-38790 (RG) (Jointly Administered)

**ORDER (i) APPROVING THE DISCLOSURE STATEMENT; (ii) FIXING A RECORD DATE; (iii) SCHEDULING A PLAN CONFIRMATION HEARING AND APPROVING ATTENDANT NOTICE AND OBJECTION PROCEDURES; (iii) APPROVING SOLICITATION PACKAGES AND PROCEDURES FOR DISTRIBUTION THEREOF; (iv) APPROVING FORM OF BALLOTS; AND APPROVING EPIQ BANKRUPTCY SOLUTIONS, LLC AS VOTING AGENT**

_____

Solutions, LLC ("Epiq") as the Debtors' solicitation and tabulation agent (the "Voting Agent"), all as more fully set forth in the Motion as supplemented by the Supplement to Debtor's Motion for Order Approving Disclosure Statement filed with the Court on December 3, 2008; and objections to the Motion (the "Objections") having been interposed by (i) the United States of America (Internal Revenue Service); (ii) the Pension Benefit Guaranty Corporation; (iii) Century Indemnity Company; and (iv) the United States of America (Department of the Interior; Department of Commerce; and the Environmental Protection Agency) (collectively, the "Objectors"); and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to (i) the Office of the United States Trustee for the District of New Jersey (the "U.S. Trustee"), (ii) the attorneys for the Official Asbestos Claimants Committee (the "Asbestos Claimants Committee") (iii) the attorneys for C. Judson Hamlin as the Legal Representative of Present and Future Holders of Asbestos Related Demands (the "Legal Representative"), (iv) the Securities and Exchange Commission, and (v) all parties who have requested in writing copies of the Disclosure Statement and

3

NY3 3016634.3 315183 000001 12/4/2008 09:31pm

In re G-I Holdings Inc., et al.
Case Nos. 01-30135 (RG) and 01-38790 (RG) (Jointly Administered)

**ORDER (i) APPROVING THE DISCLOSURE STATEMENT; (ii) FIXING A RECORD DATE; (iii) SCHEDULING A PLAN CONFIRMATION HEARING AND APPROVING ATTENDANT NOTICE AND OBJECTION PROCEDURES; (iii) APPROVING SOLICITATION PACKAGES AND PROCEDURES FOR DISTRIBUTION THEREOF; (iv) APPROVING FORM OF BALLOTS; AND APPROVING EPIQ BANKRUPTCY SOLUTIONS, LLC AS VOTING AGENT**

---

Plan; and it appearing that no other or further notice need be provided; and the Court having considered all papers filed and arguments made at a hearing held on December 4, 2008 (the "Hearing") in respect of the Motion; and the Objections having been either withdrawn or overruled; and certain Objectors and the Debtors having agreed to resolve certain of the Objections with modifications to the Plan and Disclosure Statement, as reflected in the record of the Hearing; and the Plan and Disclosure Statement having been amended to reflect such changes; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtors, their creditors and all parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion establish cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor it is hereby:

ORDERED that the Disclosure Statement contains adequate information within the meaning of section 1125 of the Bankruptcy Code; and it is further

ORDERED that the Disclosure Statement is hereby approved; and it is further

ORDERED that any Objections not otherwise withdrawn or resolved are hereby overruled; and it is further

4

In re G-I Holdings Inc., et al.
Case Nos. 01-30135 (RG) and 01-38790 (RG) (Jointly Administered)

**ORDER (i) APPROVING THE DISCLOSURE STATEMENT; (ii) FIXING A RECORD DATE; (iii) SCHEDULING A PLAN CONFIRMATION HEARING AND APPROVING ATTENDANT NOTICE AND OBJECTION PROCEDURES; (iii) APPROVING SOLICITATION PACKAGES AND PROCEDURES FOR DISTRIBUTION THEREOF; (iv) APPROVING FORM OF BALLOTS; AND APPROVING EPIQ BANKRUPTCY SOLUTIONS, LLC AS VOTING AGENT**

---

ORDERED that the record date for purposes of voting and mailing of notices pursuant to this Order shall be the date of this order ("Voting Record Date"); and it is further

ORDERED that on or before December 9, 2008 (the "Solicitation Date"), the Debtors shall deposit or cause to be deposited in the United States mail, postage prepaid, a sealed solicitation package (the "Solicitation Package") to be mailed to the parties identified in the next decretal paragraph, which package shall include:

(a) A copy of this Order (without the exhibits attached hereto);

(b) notice of the confirmation hearing and related matters, substantially in the form of Exhibit "A" attached hereto (the "Confirmation Hearing Notice"), setting forth the date established for filing acceptances and rejections to the Plan and filing objections to confirmation of the Plan, and the date and time of the Confirmation Hearing (as defined below);

(c) (i) the Disclosure Statement and Plan in paper form for all holders of Claims in each Class of Claims entitled to vote under the Plan (the "Voting Classes"), in CD-ROM form for persons receiving a Notice of Non-Voting Status; and (ii) for Scheduled Non-Claimants (as defined below), only the Notice to Scheduled Non-Claimants (not the Plan and Disclosure Statement); and

(d) for (i) holders of Claims in the Voting Classes, an appropriate form of Ballot, voting instructions and a self-addressed, stamped envelope, first class postage prepaid; and (ii) for each Class of Claimants not entitled to vote under the Plan the appropriate Notice of Non-Voting Status.

5

In re G-I Holdings Inc., et al.
Case Nos. 01-30135 (RG) and 01-38790 (RG) (Jointly Administered)

**ORDER (i) APPROVING THE DISCLOSURE STATEMENT; (ii) FIXING A RECORD DATE; (iii) SCHEDULING A PLAN CONFIRMATION HEARING AND APPROVING ATTENDANT NOTICE AND OBJECTION PROCEDURES; (iii) APPROVING SOLICITATION PACKAGES AND PROCEDURES FOR DISTRIBUTION THEREOF; (iv) APPROVING FORM OF BALLOTS; AND APPROVING EPIQ BANKRUPTCY SOLUTIONS, LLC AS VOTING AGENT**

---

ORDERED that the Solicitation Package shall be mailed to: (1) all persons or entities identified in the Debtors' schedules of liabilities, filed pursuant to section 521 of the Bankruptcy Code and Bankruptcy Rule 1007, and all amendments and modifications thereto through and including the Voting Record Date (the "Schedules"), holding liquidated, noncontingent, and undisputed Claims, in an amount greater than zero; (2) all parties having filed proofs of Claims in an amount greater than zero or notices of transfers of Claims in the Debtors' chapter 11 cases, and (3) any other known holders of Claims against or Equity Interests in the Debtors as of the Voting Record Date in a manner consistent with the Solicitation and Ballot Tabulation Procedures attached as Exhibit "B" hereto; and it is further

ORDERED that the Debtors are directed to distribute or cause to be distributed on the Solicitation Date, a copy of this Order (without the Exhibits attached hereto), the Confirmation Hearing Notice, and the Disclosure Statement (together with the Plan attached thereto as Exhibit "A") to (i) the U.S. Trustee, (ii) the attorneys for the Asbestos Claimants Committee, (iii) the attorneys for the Legal Representative, (iv) the Securities and Exchange Commission, (vi) the Pension Benefit Guaranty Corporation, and (vii) all parties who requested in writing copies of the Disclosure Statement and Plan; and it is further

6

In re G-I Holdings Inc., et al.
Case Nos. 01-30135 (RG) and 01-38790 (RG) (Jointly Administered)

**ORDER (i) APPROVING THE DISCLOSURE STATEMENT; (ii) FIXING A RECORD DATE; (iii) SCHEDULING A PLAN CONFIRMATION HEARING AND APPROVING ATTENDANT NOTICE AND OBJECTION PROCEDURES; (iii) APPROVING SOLICITATION PACKAGES AND PROCEDURES FOR DISTRIBUTION THEREOF; (iv) APPROVING FORM OF BALLOTS; AND APPROVING EPIQ BANKRUPTCY SOLUTIONS, LLC AS VOTING AGENT**

---

ORDERED that the Debtors shall cause the Plan, the Disclosure Statement, the Confirmation Hearing Notice, this Order, all exhibits to each of the foregoing, and all Ballots to be made available on the website maintained by the Voting Agent at http://chapter11.epiqsystems.com/GIH; and it is further

ORDERED that the forms of the ballots provided for each of the Voting Classes (the "Ballot") attached hereto as Exhibits C through I, are sufficiently consistent with Official Form No. 14 and adequately address the particular needs of these chapter 11 cases and are appropriate for each Class of Claims entitled under the Plan to vote to accept or reject the Plan; and it is further

ORDERED that Ballots need not be provided to the holders of Claims and Equity Interests in Class 1A (G-I Priority Non-Tax Claims), Class 1B (ACI Priority Non-Tax Claims), Class 2A G-I Secured Claims, Class 2B (ACI Secured Claims), Class 3B (ACI Unsecured Claims), Class 4 (Environmental Claims for Remedial Relief), Class 8 (CCR Claim, if the CCR settlement is approved before Voting Deadline (as defined below)); Class 9 (Bonded Class); and Class 10B (ACI Affiliate Claims) because they are unimpaired under the Plan and, therefore, are conclusively presumed to accept the Plan. Holders of Claims in such Classes shall be sent, instead of a Ballot, the Notice of Non-

7

NY3 3016634.3 315183 000001 12/4/2008 09:31pm

*Approved by Judge Rosemary Gambardella    December  05, 2008*

In re G-I Holdings Inc., et al.
Case Nos. 01-30135 (RG) and 01-38790 (RG) (Jointly Administered)

**ORDER (i) APPROVING THE DISCLOSURE STATEMENT; (ii) FIXING A RECORD DATE; (iii) SCHEDULING A PLAN CONFIRMATION HEARING AND APPROVING ATTENDANT NOTICE AND OBJECTION PROCEDURES; (iii) APPROVING SOLICITATION PACKAGES AND PROCEDURES FOR DISTRIBUTION THEREOF; (iv) APPROVING FORM OF BALLOTS; AND APPROVING EPIQ BANKRUPTCY SOLUTIONS, LLC AS VOTING AGENT**

---

Voting Status (Unimpaired Class) attached hereto as Exhibit G", which notice is hereby approved; and it is further

ORDERED that Ballots need not be provided to the holders of Claims and Equity Interests in Class 10A (G-I Affiliate Classes), Class 12A (G-I Equity Interests) and Class 12B (ACI Equity Interests) because they will retain and receive no property under the Plan and, therefore, are deemed to reject the Plan. Ballots also need not be provided to the holders of Claims in Class 5 (Other Environmental Claims) because the holders of such Claims are deemed to reject the Plan. Holders of such Claims and Equity Interests shall be sent, instead of a Ballot, the Notice of Non-Voting Status (Impaired Class) attached hereto as Exhibit "H", which notice is hereby approved; and it is further

ORDERED that the procedures for the solicitation and tabulation of votes to accept or reject the Plan, as described in the Motion, as supplemented, and as set forth at length in the Amended Solicitation and Ballot Tabulation Procedures (the "Amended Solicitation Procedures") attached as Exhibit B to this Order, provide for a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code; and it is further.

ORDERED that the procedures set forth below regarding notice to all creditors of the time, date, and place of the Confirmation Hearing, and the contents of the

8

In re G-I Holdings Inc., et al.
Case Nos. 01-30135 (RG) and 01-38790 (RG) (Jointly Administered)

**ORDER (i) APPROVING THE DISCLOSURE STATEMENT; (ii) FIXING A RECORD DATE; (iii) SCHEDULING A PLAN CONFIRMATION HEARING AND APPROVING ATTENDANT NOTICE AND OBJECTION PROCEDURES; (iii) APPROVING SOLICITATION PACKAGES AND PROCEDURES FOR DISTRIBUTION THEREOF; (iv) APPROVING FORM OF BALLOTS; AND APPROVING EPIQ BANKRUPTCY SOLUTIONS, LLC AS VOTING AGENT**

---

Solicitation Package comply with Bankruptcy Rules 2002 and 3017 and constitute sufficient notice to all interested parties; and it is further

ORDERED that the Debtors shall not be required to distribute copies of the Plan and the Disclosure Statement to any party who holds a Claim that is listed in the Schedules as contingent, unliquidated and/or disputed, and who did not file a proof of Claim (the "Scheduled Non-Claimants"), unless such party makes a specific request in writing to the Debtors; and it is further

ORDERED that the "Notice of Scheduled Non-Claimants" attached hereto as Exhibit F, which notice is hereby approved, shall be distributed to all known Scheduled Non-Claimants; and it is further

ORDERED that the Debtors shall not be required to send the Solicitation Package to persons or entities on account of Claims listed in the Schedules which have been paid in full; and it is further

ORDERED that, with respect to addresses to which the Motion or the Notice of the Hearing on Approval of the Disclosure Statement was mailed but returned as undeliverable by the United States Postal Service, the Debtors are excused from mailing Solicitation Packages to the entities listed at such addresses unless the Debtors are provided with accurate addresses for such entities before the Solicitation Date, and

*Approved by Judge Rosemary Gambardella   December  05, 2008*

In re G-I Holdings Inc., et al.
Case Nos. 01-30135 (RG) and 01-38790 (RG) (Jointly Administered)

**ORDER (i) APPROVING THE DISCLOSURE STATEMENT; (ii) FIXING A RECORD DATE; (iii) SCHEDULING A PLAN CONFIRMATION HEARING AND APPROVING ATTENDANT NOTICE AND OBJECTION PROCEDURES; (iii) APPROVING SOLICITATION PACKAGES AND PROCEDURES FOR DISTRIBUTION THEREOF; (iv) APPROVING FORM OF BALLOTS; AND APPROVING EPIQ BANKRUPTCY SOLUTIONS, LLC AS VOTING AGENT**

---

failure to mail Solicitation Packages to such entities will not constitute inadequate notice of the Confirmation Hearing or the Voting Deadline (as defined below) nor constitute a violation of Bankruptcy Rule 3017(d); and it is further

ORDERED that all Ballots must be properly executed, completed, and delivered to the Voting Agent, (i) by first-class mail, in the return envelope provided with each Ballot, (ii) by overnight courier, or (iii) by personal delivery, so that they are received by the Voting Agent no later than January 23, 2009 at 4 p.m. (Eastern Time) (the "Voting Deadline"), regardless of when they are postmarked; and it is further

ORDERED that the period during which the Debtors may solicit votes to accept or reject the Plan is a reasonable period of time for creditors to make an informed decision as to whether to accept or reject the Plan; and it is further.

ORDERED that except for Asbestos Claims (which are addressed in the following two paragraphs below) and solely for purposes of voting to accept or reject the Plan and not for the purpose of the allowance of, or distribution on account of, a Claim, and without prejudice to the rights of the Debtors in any other context, each Claim within a Voting Class (other than Asbestos Claims) shall be temporarily allowed in an amount equal to the amount of such Claim as set forth in the Schedules, provided that:

(a) If a Claim is deemed allowed under the Plan, such Claim is allowed for voting purposes in the deemed allowed amount set

10

In re G-I Holdings Inc., et al.
Case Nos. 01-30135 (RG) and 01-38790 (RG) (Jointly Administered)

**ORDER (i) APPROVING THE DISCLOSURE STATEMENT; (ii) FIXING A RECORD DATE; (iii) SCHEDULING A PLAN CONFIRMATION HEARING AND APPROVING ATTENDANT NOTICE AND OBJECTION PROCEDURES; (iii) APPROVING SOLICITATION PACKAGES AND PROCEDURES FOR DISTRIBUTION THEREOF; (iv) APPROVING FORM OF BALLOTS; AND APPROVING EPIQ BANKRUPTCY SOLUTIONS, LLC AS VOTING AGENT**

---

forth in the Plan, including the Claims of insiders, but only for the purposes of voting to accept or reject the Plan;

(b) if a Claim for which a proof of Claim has been timely filed is, by its terms, contingent or unliquidated in whole or in part, then subject to subparagraph (f) below, such Claim is accorded one (1) vote and valued at one dollar ($1.00) for voting purposes only, and not for purposes of allowance or distribution;

(c) if a Claim has been estimated or otherwise allowed for voting purposes by order of the Court, such Claim is temporarily allowed in the amount so estimated or allowed by the Court for voting purposes only, and not for purposes of allowance or distribution;

(d) if a Claim is listed in the Schedules as disputed, unliquidated and non-contingent and a proof of Claim subsequently is filed in an amount that is liquidated, noncontingent, and undisputed, such Claim is temporarily allowed in the amount set forth on the proof of Claim, unless such Claim is disputed as set forth in subparagraph (f) below;

(e) if a Claim is listed in the Schedules as contingent or unliquidated and a proof of Claim was not (i) filed by the applicable deadline for the filing of Claims or (ii) deemed timely filed by an order of the Court prior to the Voting Deadline, unless the Debtors have consented in writing, such Claim is disallowed for voting purposes;

(f) (i) if a Claim is listed in the Schedules as disputed, (ii) if a Claim for which a proof of Claim has been timely filed is, by its terms, disputed, or (iii) if the Debtors have served an objection, complaint or request for estimation as to a Claim at least ten (10) days before the Voting Deadline, such Claim shall be temporarily disallowed for voting purposes only and not for purposes of allowance or distribution, except to the extent and in the manner as may be set forth in such objection, complaint or request for estimation;

11

In re G-I Holdings Inc., et al.
Case Nos. 01-30135 (RG) and 01-38790 (RG) (Jointly Administered)

**ORDER (i) APPROVING THE DISCLOSURE STATEMENT; (ii) FIXING A RECORD DATE; (iii) SCHEDULING A PLAN CONFIRMATION HEARING AND APPROVING ATTENDANT NOTICE AND OBJECTION PROCEDURES; (iii) APPROVING SOLICITATION PACKAGES AND PROCEDURES FOR DISTRIBUTION THEREOF; (iv) APPROVING FORM OF BALLOTS; AND APPROVING EPIQ BANKRUPTCY SOLUTIONS, LLC AS VOTING AGENT**

---

(g) each entity that holds or has filed more than one (1) unsecured Claim against a particular Debtor, shall vote each such unsecured Claim separately for purposes of voting, classification and treatment under the Plan;

(h) notwithstanding anything contained herein to the contrary, the Voting Agent, in its discretion, may contact voters to cure any defects in the Ballots and is authorized to so cure any defects; and

(i) there shall be a rebuttable presumption that any Claimant who submits a properly completed superseding Ballot or withdrawal of Ballot on or before the Voting Deadline has sufficient cause, within the meaning of Bankruptcy Rule 3018(a), to change or withdraw such Claimant's acceptance or rejection of the Plan,

and it is further

ORDERED that, notwithstanding anything in the immediately preceding paragraph, each holder of an Asbestos Claim (other than an Asbestos Personal Injury Claim) shall be entitled to a single vote in the amount, for voting purposes only, of $1.00; and it is further

ORDERED that, notwithstanding anything in the two preceding paragraphs, each holder of an Asbestos Personal Injury Claim shall be entitled to a single vote in the amount, for voting purposes only, that corresponds to such holder's Disease Category, as indicated on a Ballot cast by such holder or on a Master Ballot cast on behalf of such holder by his or her attorney, all as further explained in the Amended Solicitation Procedures; and it is further

12

In re G-I Holdings Inc., et al.
Case Nos. 01-30135 (RG) and 01-38790 (RG) (Jointly Administered)

**ORDER (i) APPROVING THE DISCLOSURE STATEMENT; (ii) FIXING A RECORD DATE; (iii) SCHEDULING A PLAN CONFIRMATION HEARING AND APPROVING ATTENDANT NOTICE AND OBJECTION PROCEDURES; (iii) APPROVING SOLICITATION PACKAGES AND PROCEDURES FOR DISTRIBUTION THEREOF; (iv) APPROVING FORM OF BALLOTS; AND APPROVING EPIQ BANKRUPTCY SOLUTIONS, LLC AS VOTING AGENT**

---

ORDERED that if any Claimant seeks to challenge the allowance of its Claim for voting purposes in accordance with the above procedures, such Claimant is directed to serve on the Debtors, the Asbestos Claimants Committee, and the Legal Representative, and file with the Court (with a copy to chambers) a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim in a different amount for purposes of voting to accept or reject the Plan on or before the tenth (10th) day following the later of (i) service of the Confirmation Hearing Notice and (ii) service of notice by the Debtors of an objection to, or a Debtor's request for estimation of, if any, such Claim; and it is further

ORDERED that, as to any creditor filing a timely motion pursuant to Bankruptcy Rule 3018(a), such creditor shall be promptly provided with a Ballot by the Debtors, and such creditor's Ballot shall be temporarily allowed or disallowed for voting purposes, as the case may be, pursuant to the determination of such motion by the Court five (5) days prior to the Voting Deadline or at such other time as the Court may direct after notice; and it is further

ORDERED that, if a creditor casts more than one Ballot voting the same Claim before the Voting Deadline, the last Ballot received before the Voting Deadline is

13

In re G-I Holdings Inc., et al.
Case Nos. 01-30135 (RG) and 01-38790 (RG) (Jointly Administered)

**ORDER (i) APPROVING THE DISCLOSURE STATEMENT; (ii) FIXING A RECORD DATE; (iii) SCHEDULING A PLAN CONFIRMATION HEARING AND APPROVING ATTENDANT NOTICE AND OBJECTION PROCEDURES; (iii) APPROVING SOLICITATION PACKAGES AND PROCEDURES FOR DISTRIBUTION THEREOF; (iv) APPROVING FORM OF BALLOTS; AND APPROVING EPIQ BANKRUPTCY SOLUTIONS, LLC AS VOTING AGENT**

---

deemed to reflect the voter's intent and thus to supersede any prior Ballots; and it is further

ORDERED that each creditor that votes to accept or reject the Plan is deemed to have voted the full amount of its Claim; and it is further

ORDERED that any entity that holds a Claim in more than one Class that is entitled to vote must use separate Ballots for each Claim; and it is further

ORDERED that creditors must vote all of their Claims within a particular Class under the Plan, either to accept or reject the Plan and may not split their vote(s) within such Class, and thus a Ballot that partially rejects and partially accepts the Plan within a Class shall not be counted; and it is further

ORDERED that the following types of Ballots will not be counted in determining whether the Plan has been accepted or rejected: (i) any Ballot received after the Voting Deadline, regardless of when it is postmarked, unless the Debtors shall have granted an extension of the Voting Deadline with respect to such Ballot; (ii) any Ballot that is illegible or contains insufficient information to permit the identification of the Claimant; (iii) any Ballot cast by a person or entity that does not hold a Claim in a Class that is entitled to vote to accept or reject the Plan; (iv) any Ballot cast for a Claim identified as unliquidated, contingent, or disputed for which no proof of Claim was

14

In re G-I Holdings Inc., et al.
Case Nos. 01-30135 (RG) and 01-38790 (RG) (Jointly Administered)

**ORDER (i) APPROVING THE DISCLOSURE STATEMENT; (ii) FIXING A RECORD DATE; (iii) SCHEDULING A PLAN CONFIRMATION HEARING AND APPROVING ATTENDANT NOTICE AND OBJECTION PROCEDURES; (iii) APPROVING SOLICITATION PACKAGES AND PROCEDURES FOR DISTRIBUTION THEREOF; (iv) APPROVING FORM OF BALLOTS; AND APPROVING EPIQ BANKRUPTCY SOLUTIONS, LLC AS VOTING AGENT**

---

timely filed; (v) any unsigned Ballot; (vi) any Ballot transmitted to the Voting Agents by facsimile or other electronic means; and (vii) any Ballot that is properly completed, executed and timely returned to the Voting Agent but does not indicate an acceptance or rejection of the Plan, or indicates both an acceptance and a rejection of the Plan; and it is further

ORDERED that the Confirmation Hearing will be held at 10:00 a.m. (Eastern Time) on January 28, 2009; provided, however, that the Confirmation Hearing may be continued from time to time by the Court or the Debtors without further notice or through adjournments announced in open court or as indicated in any notice of agenda of matters scheduled for hearing filed with the Court; and it is further

ORDERED that the form of Confirmation Hearing Notice attached hereto as Exhibit A is approved; and it is further

ORDERED that the Debtors shall publish a notice, substantially in the form of the Confirmation Hearing Notice, not less than twenty-five (25) days before the Voting Deadline (a) twice in the national editions of The Wall Street Journal, USA Today, and The New York Times, and (b) once in the weekend newspaper supplements Parade magazine and USA Weekend magazine, which notice is hereby approved and

15

In re G-I Holdings Inc., et al.
Case Nos. 01-30135 (RG) and 01-38790 (RG) (Jointly Administered)

**ORDER (i) APPROVING THE DISCLOSURE STATEMENT; (ii) FIXING A RECORD DATE; (iii) SCHEDULING A PLAN CONFIRMATION HEARING AND APPROVING ATTENDANT NOTICE AND OBJECTION PROCEDURES; (iii) APPROVING SOLICITATION PACKAGES AND PROCEDURES FOR DISTRIBUTION THEREOF; (iv) APPROVING FORM OF BALLOTS; AND APPROVING EPIQ BANKRUPTCY SOLUTIONS, LLC AS VOTING AGENT**

---

deemed adequate and sufficient notice of the Confirmation Hearing in accordance with Bankruptcy Rule 2002; and it is further

ORDERED that any objection to confirmation of the Plan must be (a) filed with the Clerk of the Bankruptcy Court, together with proof of service, no later than January 12, 2009 at 4:00 p.m. (Eastern Time) and (b) must be served so as to be received on or before such date and time on (i) Dewey & LeBoeuf LLP, Co-Attorneys for the Debtors, 1301 Avenue of the Americas, New York, New York 10019, Attention: Martin J. Bienenstock, Judy G. Z. Liu, Irena Goldstein, and Timothy Q. Karcher; (ii) Riker, Danzig, Scherer, Hyland & Perretti LLP, Co-Attorneys for the Debtors, Headquarters Plaza, One Speedwell Avenue, Morristown, New Jersey 07962-1981, Attention: Dennis O'Grady and Mark G. Hall; (iii) The Office of the United States Trustee, One Newark Center, Suite 2100, Newark, NJ 07102, Attention: Mitchell Hausman; (iv) Caplin & Drysdale, Chartered, Co-Attorneys for the Official Committee of Asbestos Claimants, 375 Park Avenue, New York, New York 10152-3500, Attention: Trevor W. Swett; (v) Lowenstein Sandler, PC, 65 Livingston Avenue, Co-Attorneys for the Official Committee of Asbestos Claimants, Roseland, New Jersey 07068, Attention: Jeffrey Prol; (vi) Keating Muething & Klekamp PLL, Co-Attorneys for C. Judson Hamlin as Legal Representative, One East Fourth Street, Suite 1400, Cincinnati, Ohio 45202, Attention:

16

In re G-I Holdings Inc., et al.
Case Nos. 01-30135 (RG) and 01-38790 (RG) (Jointly Administered)

**ORDER (i) APPROVING THE DISCLOSURE STATEMENT; (ii) FIXING A RECORD DATE; (iii) SCHEDULING A PLAN CONFIRMATION HEARING AND APPROVING ATTENDANT NOTICE AND OBJECTION PROCEDURES; (iii) APPROVING SOLICITATION PACKAGES AND PROCEDURES FOR DISTRIBUTION THEREOF; (iv) APPROVING FORM OF BALLOTS; AND APPROVING EPIQ BANKRUPTCY SOLUTIONS, LLC AS VOTING AGENT**

---

Robert G. Sanker; (vii) Saiber LLC, Co-Attorneys for C. Judson Hamlin as Legal Representative, One Gateway Center, Newark, New Jersey 07102-5311, Attention: Nancy Washington, Esq.; and it is further,

ORDERED that objections to confirmation of the Plan that are not timely filed, served and actually received in the manner set forth above shall not be considered and shall be deemed overruled; and it is further

ORDERED that the Debtors, (ii) the attorneys for the Asbestos Claimants' Committee, (iii) the U.S. Trustee, (iv) the attorneys for the Legal Representative are authorized to file and serve papers in support of confirmation of the Plan and responses to any such objections or proposed modifications, with a copy to chambers, by no later than January 23, 2009 at 4:00 p.m. (Eastern Time); and it is further

ORDERED that the Debtors are authorized, in their sole discretion, to take or refrain from taking any action necessary or appropriate to implement the terms of and the relief granted in this Order without seeking further order of the Court; and it is further

ORDERED that the Debtors are authorized to make, with the consent of the other Plan Proponents, nonsubstantive changes to the Disclosure Statement, the Plan, and related documents without further order of the Court, including, without limitation, changes to correct typographical and grammatical errors and to make conforming

17

NY3 3016634.3 315183 000001 12/4/2008 09:31pm

*Approved by Judge Rosemary Gambardella    December  05, 2008*

In re G-I Holdings Inc., et al.
Case Nos. 01-30135 (RG) and 01-38790 (RG) (Jointly Administered)

**ORDER (i) APPROVING THE DISCLOSURE STATEMENT; (ii) FIXING A RECORD DATE; (iii) SCHEDULING A PLAN CONFIRMATION HEARING AND APPROVING ATTENDANT NOTICE AND OBJECTION PROCEDURES; (iii) APPROVING SOLICITATION PACKAGES AND PROCEDURES FOR DISTIBUTION THEREOF; (iv) APPROVING FORM OF BALLOTS; AND APPROVING EPIQ BANKRUPTCY SOLUTIONS, LLC AS VOTING AGENT**

---

changes among the Disclosure Statement, the Plan and any other materials in the Solicitation Package prior to their mailing; and it is further

ORDERED that the notice to be provided pursuant to the procedures set forth herein is good and sufficient notice to all parties in interest and no other or further notice need be provided; and it is further

ORDERED that the requirement pursuant to Local Rule 9013-1(b) that the Debtors file a memorandum of law in support of the Motion hereby is waived.

3909731.1

*Approved by Judge Rosemary Gambardella   December  05, 2008*