UNITED STATES DISTRICT COURT
UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In Re: <br><br> G-I HOLDINGS INC., et al., <br><br><br> Debtors. | Chapter 11 <br><br> District Court Case No. 09-cv-05031 (GEB) <br> Hon. Garrett E. Brown Jr., U.S.D.J. <br><br> Case Nos. 01-30135 (RG) and 01-38790 (RG) <br> (Jointly Administered) <br><br> Hon. Rosemary Gambardella, U.S.B.J. |

**NOTICE OF (A) ENTRY OF ORDER CONFIRMING EIGHTH AMENDED JOINT PLAN OF REORGANIZATION OF G-I HOLDINGS INC. AND ACI INC. PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE AND (B) OCCURRENCE OF EFFECTIVE DATE**

PLEASE TAKE NOTICE OF THE FOLLOWING:

1. Confirmation of the Plan. G-I Holdings Inc. and ACI Inc., debtors and debtors-in-possession in the above-captioned cases (together the "Debtors" and, as reorganized entities after emergence, the "Reorganized Debtors"), hereby give notice that the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court"), and the United States District Court for the District of New Jersey jointly entered an order (the "Confirmation Order") confirming the Eighth Amended Joint Plan of Reorganization of G-I Holdings Inc. and ACI Inc. (the "Plan"). The Confirmation Date is November 12, 2009. Unless otherwise defined in this Notice, capitalized terms and phrases used herein have the meanings set forth in the Plan. The Plan and Confirmation Order have been posted on the website of the Debtors' court-appointed claims agent, Epiq Bankruptcy Solutions, LLC ("Epiq") (http://chapter11.epiqsystems.com/).

2. Effective Date. The Effective Date of the Plan is November 17, 2009.

3. Effect of the Occurrence of the Effective Date. Upon the occurrence of the Effective Date, in accordance with and not in limitation of sections 524 and 1141 of the Bankruptcy Code, and except as provided in the Plan, the Confirmation Order, or other applicable order of the Bankruptcy Court:

    a. all Claims against the Debtors shall be, and shall be deemed to be, discharged in full, and all holders of Claims shall be precluded and enjoined from asserting against the Reorganized Debtors, or any of their assets or properties, any other or further Claim based upon any act or omission, transaction, or other activity of any

kind or nature that occurred prior to the Effective Date, whether or not such holder has filed a proof of Claim;

b.  all Entities shall be forever precluded and enjoined, pursuant to section 524 of the Bankruptcy Code, from prosecuting or asserting any such discharged Claim against the Debtors;

c.  all Persons or Entities who have held, hold or may hold Claims or other debt or liability that are discharged pursuant to the Plan are permanently enjoined from (i) commencing or continuing in any manner any action or other proceeding of any kind on any such Claim or other debt or liability pursuant to the Plan against the Debtors, the Debtors-in-Possession or the Reorganized Debtors, the Debtors' estates or properties or interests in properties of the Debtors or the Reorganized Debtors, (ii) the enforcement, attachment, collection or recovery by any manner or means of any judgment, award, decree or order against the Debtors, the Debtors-in-Possession or the Reorganized Debtors, the Debtors' estates or properties or interests in properties of the Debtors, the Debtors-in-Possession or the Reorganized Debtors, (iii) creating, perfecting, or enforcing any encumbrance of any kind securing a discharged claim against the Debtors, the Debtors-in-Possession or the Reorganized Debtors or against the property or interests in property of the Debtors, the Debtors-in-Possession or the Reorganized Debtors, and (iv) except to the extent provided, permitted or preserved by sections 553, 555, 556, 559 or 560 of the Bankruptcy Code or pursuant to the common law right of recoupment, asserting any right of setoff, subrogation or recoupment of any kind against any obligation due from the Debtors, the Debtors-in-Possession or the Reorganized Debtors or against the property or interests in property of the Debtors, the Debtors-in-Possession or the Reorganized Debtors, with respect to any such Claim or other debt or liability that is discharged pursuant to the Plan; and

d.  the Asbestos Permanent Channeling Injunction is issued and in effect, and all holders of Asbestos Claims shall be subject to the Asbestos Permanent Channeling Injunction, an injunction with respect to claims against Protected Parties.

4.  Record Date. The Record Date for purposes of determining the holders of Allowed Claims that are entitled to distributions that are required to be made under the Plan on the Effective Date or as otherwise provided under the Plan is November 12, 2009. Distributions will be made to the holders of Allowed Claims as of the Record Date and the Debtors and the Reorganized Debtors shall have no obligation to recognize any transfer of a Claim occurring after the Record Date.

5.  Administrative Expense Claims Bar Date. Except as otherwise provided in the Plan, all requests for payment of an Administrative Expense Claim shall be filed with the Bankruptcy Court and served on the United States Trustee and attorneys for the Debtors at the addresses set forth in Section 13.18 of the Plan not later than thirty (30) days after the Effective Date (the "Administrative Expense Claims Bar Date"). Unless the United

States Trustee, Debtors or Reorganized Debtors object to an Administrative Expense Claim within forty-five (45) days after receipt of a request for payment, such Administrative Expense Claim shall be deemed Allowed in the amount requested. If the United States Trustee, Debtors or Reorganized Debtors object to an Administrative Expense Claim, the Bankruptcy Court shall determine the Allowed amount of such Administrative Expense Claim; *provided, however*, that the United States Trustee, Debtors or Reorganized Debtors, as applicable, and the applicant may resolve such objection by stipulation, without further action of the Bankruptcy Court. Notwithstanding the foregoing, no request for payment of an Administrative Expense Claim need be filed with respect to an Administrative Expense Claim that is paid or payable by a Debtor in the ordinary course of business.

6. <u>Compensation of Professionals – Bar Date</u>. All holders of any Claim for an award by the Bankruptcy Court of compensation for services rendered or reimbursement of expenses incurred through and including the Effective Date pursuant to sections 503(b)(2), 503(b)(3), 503(b)(4), or 503(b)(5) of the Bankruptcy Code shall (i) file their respective applications for final allowances of compensation for services rendered and reimbursement of expenses incurred through the Effective Date by a date no later than ninety (90) days after the Effective Date (the "<u>Professional Fees Bar Date</u>"), and (ii) if granted such an award by the Bankruptcy Court, be paid in full such amounts as are Allowed by the Bankruptcy Court (A) on or before the fifth business day after the date on which such Administrative Expense Claim becomes an Allowed Administrative Expense Claim, or (B) upon such other terms as may be mutually agreed upon between such holder of an Administrative Expense Claim and the Reorganized Debtors. To the extent, if any, that the Debtors withheld amounts awarded as interim compensation during the Chapter 11 Cases and such amounts are within the final compensation and reimbursement awarded by the Court, the Reorganized Debtors shall pay all such withheld amounts on or before the fifth business day after which such Administrative Expense Claim becomes an Allowed Administrative Expense Claim.

7. <u>Executory Contracts and Unexpired Leases</u>. Pursuant to Section 7.1 of the Plan, any executory contract or unexpired lease not set forth on Schedule 7.1 of the Plan Supplement that has not expired by its own terms on or prior to the Confirmation Date, which has not been assumed and assigned or rejected with the approval of the Bankruptcy Court, or which is not the subject of a motion to assume and assign or reject as of the Confirmation Date, shall be deemed rejected by the Debtors on the Confirmation Date and the entry of the Confirmation Order shall constitute approval of such rejection pursuant to sections 365(a) and 1123 of the Bankruptcy Code, *provided, however*, that the Debtors have the right, at any time prior to the Effective Date, to amend Schedule 7.1 to (a) delete any executory contract or unexpired lease listed therein, thus providing for its rejection; or (b) add any executory contract or unexpired lease to Schedule 7.1, thus providing for its assumption, or assumption and assignment. The Debtors shall provide notice of any amendments to Schedule 7.1 to the parties to the executory contracts and unexpired leases affected thereby. The Plan Supplement has been filed with the Bankruptcy Court and is available at Epiq's website. Any amendments to the Plan Supplement will be filed with the Bankruptcy Court and made available at Epiq's website.

8.     <u>Rejection of Executory Contracts or Unexpired Leases – Bar Date</u>. If the rejection of an executory contract or unexpired lease by the Debtors pursuant to Section 7.1 of the Plan results in damages to the other party or parties to such contract or lease, any Claim for such damages, if not previously evidenced by a filed proof of claim, shall be forever barred and shall not be enforceable against the Debtors, or their properties, agents, successors, or assigns, unless a proof of claim is filed with the Debtors' court-appointed claims agent or with the Bankruptcy Court and served upon the Debtors or Reorganized Debtors at the addresses set forth in Section 13.18 of the Plan on or before thirty (30) days after the latest to occur of (a) the Confirmation Date, (b) the date of entry of an order by the Bankruptcy Court authorizing rejection of such executory contract or unexpired lease, and (c) any date before the Effective Date that the Debtors deleted such executory contract or unexpired lease from the list of executory contracts and unexpired leases set forth in Schedule 7.1 of the Plan Supplement and provided notice of any amendments to Schedule 7.1 to the parties to the executory contracts and unexpired leases affected thereby ("<u>Contract Rejection Bar Date</u>").

9.     <u>Enforcement of Bar Dates</u>. In accordance with section 502(b)(9) of the Bankruptcy Code, any Person or Entity that fails to file a proof of Claim by the Administrative Expense Claims Bar Date, Professional Fees Bar Date, Contract Rejection Bar Date or any other bar dates established in these Chapter 11 Cases (collectively, the "<u>Bar Dates</u>"), or was not otherwise permitted to file a proof of Claim after the applicable Bar Date by a Final Order of the Bankruptcy Court, is and shall be barred, estopped, and enjoined from asserting any Claim against the Debtors (i) in an amount that exceeds the amount, if any, that is identified in the Schedules on behalf of such Entity as undisputed, noncontingent and liquidated; or (ii) of a different nature or a different classification than any Claim identified in the Schedules on behalf of such Entity.

10.     <u>Unclaimed Distributions</u>. All claims for undeliverable distributions must be made on or before the first (1st) anniversary of the date of such distribution, after which date all unclaimed property shall revest in the Reorganized Debtors free of any restrictions thereon and the claim of any holder or successor to such holder with respect to such property shall be discharged and forever barred, notwithstanding any federal or state escheat laws to the contrary. Any unclaimed, un-cashed, or undeliverable Cash or check previously earmarked or tendered for the redemption of certain Equity Interests relating to the 1989 LBO Transaction, which Cash or checks G-I currently holds or has remitted to an appropriate state agency, and as to which such Equity Interests remain untendered by their holders, shall be deemed unclaimed property under section 347(b) of the Bankruptcy Code and shall revest in the Reorganized Debtors, and any entitlement of any holder of any Claim to such Cash or checks shall be extinguished and forever barred.

11. <u>Copies of the Plan and Confirmation Order</u>. Any party-in-interest who wishes to obtain a copy of the Plan, any exhibits to the Plan, or the Confirmation Order may view and download such documents at Epiq's website (http://chapter11.epiqsystems.com/). In addition, all documents that are filed with the Bankruptcy Court may be reviewed during regular business hours (8:30 a.m. to 4:00 p.m. weekdays, except legal holidays) at the United States Bankruptcy Court for the District of New Jersey, 50 Walnut Street, Newark, New Jersey 07102.

**Dated: November 18, 2009**

| | | |
|---|---|---|
| Dewey & LeBoeuf, LLP<br>1301 Avenue of the Americas<br>New York, NY 10019<br>(212) 259-8000<br><br>Attorneys for Debtors and<br>Debtors-in-Possession<br><br>Riker, Danzig, Scherer,<br>  Hyland & Perretti LLP<br>Headquarters Plaza<br>One Speedwell Avenue<br>Morristown, NJ 07962-1981<br>(973) 538-0800<br><br>Attorneys for Debtors and<br>Debtors-in-Possession | Keating Muething & Klekamp<br>  PLL<br>One East Fourth Street<br>Suite 1400<br>Cincinnati, OH 45202<br>(513) 579-6400<br><br>Attorneys for C. Judson Hamlin<br>as Legal Representative<br><br>Saiber LLC<br>One Gateway Center<br>Newark, NJ 07102-5311<br>(973) 645-4929<br><br>Attorneys for C. Judson Hamlin<br>as Legal Representative | Caplin & Drysdale, Chartered<br>375 Park Avenue<br>New York, NY 10152-3500<br>(212) 319-7125<br><br>Attorneys for Official<br>Committee of Asbestos<br>Claimants<br><br>Lowenstein Sandler, PC<br>65 Livingston Avenue<br>Roseland, NJ 07068<br>(973) 597-2500<br><br>Attorneys for Official<br>Committee of Asbestos<br>Claimants |