RIKER, DANZIG, SCHERER, HYLAND & PERRETTI LLP
Dennis J. O'Grady, Esq. (DO 7430)
Mark E. Hall, Esq. (MH 9621)
Headquarters Plaza
One Speedwell Avenue
Morristown, New Jersey 07962
(973) 538-0800

DEWEY & LEBOEUF LLP
Martin J. Bienenstock, Esq. (MB NY-3001)
Judy G.Z. Liu, Esq. (JL NY-6449)
Timothy Q. Karcher, Esq. (TQK 6173)
1301 Avenue of the Americas
New York, New York 10019
(212) 259-8000

Co-Attorneys for the Reorganized Debtors

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | In Proceedings for Reorganization under Chapter 11 |
| G-I HOLDINGS INC., <u>et al</u>., | Case Nos. 01-30135 (RG) and 01-38790 (RG) (Jointly Administered) |
| Reorganized Debtors. | Hon. Rosemary Gambardella, U.S.B.J. |

**MOTION OF G-I HOLDINGS INC. AND ACI INC. FOR AN ORDER
PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9006
<u>EXTENDING TIME TO OBJECT TO ALLOWANCE OF CLAIMS</u>**

TO:   THE HONORABLE ROSEMARY GAMBARDELLA
      UNITED STATES BANKRUPTCY JUDGE

      CREDITORS REQUESTING NOTICE AND OTHER PARTIES-IN-INTEREST

Reorganized debtors G-I Holdings Inc. ("G-I") and ACI, Inc. ("ACI" and, together with G-I, the "Reorganized Debtors") as and for their motion, pursuant to Rule 9006 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") and the Eighth Amended Joint

Plan of Reorganization of G-I Holdings Inc. and ACI Inc. Pursuant to Chapter 11 of the Bankruptcy Code (the "Motion"), respectfully represent:

## PRELIMINARY STATEMENT

1. By this Motion, the Reorganized Debtors seek an Order extending the deadline by which they must file objections to the allowance of claims through and including September 14, 2010. The Reorganized Debtors request this extension to allow them sufficient opportunity to efficiently address the numerous claims filed against them.

## JURISDICTION

2. This Court has jurisdiction to consider this application pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of this application is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O). Venue of this proceeding is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

### The Debtors' Chapter 11 Cases

3. On January 5, 2001 (the "Commencement Date"), G-I commenced in this Court a voluntary case under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). Subsequently, on August 3, 2001, ACI, a subsidiary of G-I, also commenced a voluntary Chapter 11 case in this Court. On October 10, 2001, this Court approved ACI's application for joint administration with G-I for administrative purposes.

4. G-I and ACI operated their businesses and managed their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner was appointed in these Chapter 11 cases.

5. On September 5, 2008, the Court entered an order (Docket No. 8257) providing that, with certain exceptions,[1] any party asserting a claim against the bankruptcy estates of G-I or ACI that arose before the Commencement Date was required to file a proof of claim on or before October 15, 2008 (the "Bar Date").

6. On October 5, 2009, the Debtors filed the Eighth Amended Joint Plan of Reorganization of G-I Holdings Inc. and ACI Inc. pursuant to Chapter 11 of the Bankruptcy Code (the "Plan").  By order dated November 12, 2009, this Court, together with the Honorable Garrett E. Brown, Jr., U.S.D.J., the Chief Judge of the United States District Court for the District of New Jersey confirmed the Plan.  On November 17, 2009, the Plan became effective in accordance with its terms (the "Effective Date").

7. Pursuant to section 502 of the Bankruptcy Code, the Reorganized Debtors have commenced a review of all claims filed both prior and subsequent to the Bar Date (the "Claims") and believe that objections to certain Claims are necessary and appropriate.

8. On April 20, 2010, the Reorganized Debtors filed a Motion for an Order Pursuant to Bankruptcy Code Section 105(a) and Rule 3007 Establishing Procedures for Objections to Claims (the "Claims Procedures Motion").  The Claims Procedures Motion, returnable on May 11, 2010, seeks an order establishing streamlined procedures for objecting to Claims.

## RELIEF REQUESTED

9. The Reorganized Debtors are working diligently to conclude these Chapter 11 cases, which have been pending for more than nine years.  To accomplish this, the

---

[1] For example, a bar date was not requested for certain asbestos claims (the "Asbestos Claims") because the Plan included a trust for Asbestos Claims and procedures for asserting Asbestos Claims against the trust consistent with Bankruptcy Code section 524(g).

Reorganized Debtors have been carefully reviewing more than 6,800 Claims filed in these Chapter 11 cases, many of which were filed subsequent to the Bar Date, including some even last week, to determine appropriate treatment and distributions on account of such Claims and to identify potential objections to the Claims.

10. Under the Plan, all objections by the Reorganized Debtors to Claims (other than Asbestos Claims) are required to be served and filed on or before the later of (i) one hundred and eighty (180) days after the Effective Date, and (ii) such date as may be fixed by the Bankruptcy Court, after notice and a hearing, whether fixed before or after the date specified in clause (i) above (the "Objection Deadline"). Plan Section 6.1(b). Based on the Effective Date of November 17, 2009, and absent the relief requested here, the Objection Deadline is currently scheduled for May 17, 2010.

11. As detailed in the Claims Procedures Motion, the Reorganized Debtors anticipate they will assert omnibus objections to a number of Claims, for example on the grounds that such claims are duplicative or have been satisfied, but they also will file objections to many Claims on grounds that are common to multiple Claims, but which are not specifically identified in Bankruptcy Rule 3007(d).

12. The Claims in question generally stem from activity occurring prepetition (*i.e.*, over nine years ago) and involve complex issues. Others impact the allowance or disallowance of administrative claims and the ongoing rights and obligations of the Reorganized Debtors. Therefore, the Reorganized Debtors respectfully request that this Court enter an order, pursuant to Bankruptcy Rule 9006 and the Plan, further extending the deadline by which the Reorganized Debtors may file objections to the allowance of Claims through and including

4

September 14, 2010. The Reorganized Debtors request this extension to allow them sufficient opportunity to efficiently address the various Claims filed against them.

## BASIS FOR RELIEF

### Sufficient Cause Exists for The Proposed Extension

13. Bankruptcy Rule 9006(b)(1) provides:

> [W]hen an act is required or allowed to be done at or within a specified period…by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order…

Fed. R. Bankr. P. 9006(b)(1).

14. The Reorganized Debtors' request for an extension of the Objection Deadline is being made prior to the expiration of the Objection Deadline and therefore falls within Rule 9006(b)(1).

15. Although Rule 9006 does not define "cause," it has been noted that "courts should be liberal in granting extensions of time sought before the period to act has elapsed, as long as the moving party has not been guilty of negligence or bad faith and the privilege of extensions has not been abused." 10 Collier on Bankruptcy (15th ed. Rev. 2007) at 9006-14.

16. In the context of determining whether "cause" exists regarding requests for extension, courts have considered such factors as the size and complexity of the bankruptcy case, the issues involved, the debtors' good faith progress in resolving issues, the amount of time already elapsed in the case, and whether any prejudice will result to creditors. In re Express One Int'l, Inc., 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996).

17. The Reorganized Debtors submit that sufficient cause exists to warrant extending the current Objection Deadline. First, the size and complexity of the Reorganized Debtors' review and reconciliation of over 6,800 known Claims is substantial. Also, certain of the Claims that must be resolved require significant analysis. Moreover, a substantial number of Claims relate to alleged activity predating the commencement of these Chapter 11 cases. Identifying the appropriate records and persons with knowledge about activity occurring over nine years ago has impeded, in certain cases, the Reorganized Debtors' ability to verify the extent and validity of such Claims. Further, as mentioned above, the classification of certain Claims depends in part on the Court's consideration of the Claims Procedures Motion, returnable on May 11, 2010. Finally, no prejudice will result to creditors as a result of the proposed extension. In fact, it will benefit legitimate creditors by allowing the Reorganized Debtors the opportunity to ensure that Claims lacking merit have been addressed and, if appropriate, disallowed and expunged. Moreover, the amount of additional time requested is minimal compared to the length of time these cases have been pending, and this is the Reorganized Debtors' first request for an extension of the Objection Deadline.

18. The Reorganized Debtors expressly reserve the right to seek further extensions of the Objection Deadline.

## **NOTICE**

19. The Reorganized Debtors have served notice of this Motion on (i) the Office of the United States Trustee for the District of New Jersey, (ii) the Official Committee of Asbestos Claimants, (iii) the Legal Representative for the Present and Future Holders of Asbestos-Related Demands, and (iv) all other parties that have filed a notice of appearance in these cases. The Reorganized Debtors submit that, given the nature of the relief requested, no other or further notice need be given.

WHEREFORE the Reorganized Debtors respectfully request that the Court enter an Order extending the deadline by which the Reorganized Debtors may file objections to the allowance of Claims through and including September 14, 2010, and granting such further relief as may be appropriate.

Dated: April 29, 2010  
       Morristown, New Jersey

RIKER, DANZIG, SCHERER, HYLAND & PERRETTI LLP

By:   /s/                              
     Dennis J. O'Grady (DO 7430)

-and-

DEWEY & LEBOEUF LLP  
Martin J. Bienenstock, Esq. (MJB NY-3001)  
Judy G.Z. Liu, Esq. (JL NY-6449)  
Timothy Q. Karcher, Esq. (TQK 6173)

Co-Attorneys for the Reorganized Debtors

4036602.2